UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LISA MORSE,

                                Plaintiff,         DECISION AND ORDER

-vs-

                                                          18-CV-6184 CJS

UNITED STATES POSTAL SERVICE,
POST MASTER GENERAL, ROCHESTER,

                                Defendants.
_____

## INTRODUCTION

This is an action for alleged "mail obstruction." Now before the Court is Plaintiff's Amended Complaint (Docket No. [#9]), for review pursuant to 28 U.S.C. § 1915(e). The Amended Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)&(ii).

## BACKGROUND

On March 2, 2018, Plaintiff filed the instant action, proceeding *pro se*. At that time Plaintiff filed both her Complaint [#1] and an application [#2] to proceed *in forma pauperis*. The Complaint [#1] expressed the belief that the Postal Service has been interfering with Plaintiff's mail. The pleading did not allege that all of Plaintiff's mail was being affected. Instead, the pleading alleged that the Postal Service was selectively interfering with Plaintiff's mail. In particular, the pleading indicated that "[t]he mail obstruction is mainly associated with Claimant's Workers Compensation Claim . . . appeal . . . and other matters associated with the Social Security Administration." With regard to the workers compensation matter, the Complaint indicated that the alleged "mail obstruction" affected an action pending with the New York State Supreme Court, Appellate Division Third Department, because that court notified her that it had not received certain information that she had apparently mailed, and permitted her to re-submit the information. The Complaint

did not explain why the U.S. Postal Service would have a motive to interfere with Plaintiff's legal mail in the manner alleged. The Complaint indicated, though, that Plaintiff had contacted the Rochester Postmaster and the United States Marshal for the Western District of New York concerning her mail-tampering concerns.

The final paragraph of the Complaint [#1] was particularly troubling because it alleged a broad and vague conspiracy by unspecified "adversaries" to retaliate against Plaintiff and her family, in violation of a federal criminal statute, that went far beyond the alleged mail tampering:

> Finally, inappropriate actions of retaliation from adversaries, their relatives, and associates thereof regarding this claim and Worker's Compensation Appeal with the Supreme Court Appellate Division Third Judicial Department is pursuant to 18 U.S.C. § 1951, interference with commerce by threats or violence, and include and not limited to restaurants and food preparation, retail stores, car rental services, all public events, entertainment events, public libraries, parks and recreation, county and federal buildings, travel/automobile, all transportation services, medical and eye care, prescriptions, parking lots, religious institutions/events, public and private events, public services (all), all public and private businesses, public restrooms, all coffee shops, food/beverage preparations, educational establishments, cleaners and shoe repair shops, car repair shops, insurance establishments, banking institutions, unlawful harassment and trespassing, all public roads and highways, formal and informal affairs, public and private entities harassment, visiting relatives and associates, which claimant, minor biological dependents, and relatives frequent daily.

Complaint [#1] at p. 6.

Although the Complaint did not explain what Plaintiff meant by all of that, a later submission [#21] sheds light on the nature of the alleged conspiracy of which Plaintiff complains:

> Claimant, Lisa Morse, and biological minor dependents extreme harassment entails: food poisoning physical injuries, swollen gums from a chemical substance place in food (or on top) prepared at public restaurant, gunshot in relatives' home/residence (close relative), tracking device constantly placed and replaced on automobile, automobile vandalized (multiple), tampering with on-line orders, homeless living with relatives (since May 2016), loss [of] all furniture and belongings, and harassment from adversaries associates that are id est [sic] employed with public and private businesses claimant, Lisa Morse, and minor biological dependents (children) frequent daily.

Docket No. [#21] at pp. 3-4.

On March 14, 2018, the Court issued a Decision and Order [#3], granting the application to proceed *in forma pauperis*, and ordering Plaintiff to submit an amended complaint, pursuant to 28 U.S.C. § 1915(e). Specifically, the Decision and Order stated in pertinent part:

> "The determination of whether a . . . plaintiff should be permitted to proceed [*in forma pauperis*] under 28 U.S.C. § 1915 involves two separate considerations. The Court must first determine whether the plaintiff may proceed with the action without prepaying the filing fee in full. *See* 28 U.S.C. § 1915(a)[.] Second, section 1915 provides that 'the court shall dismiss the case at any time if the court determines that' the case 'is frivolous or malicious' or 'fails to state a claim on which relief may be granted[.]' 28 U.S.C. § 1915(e)(2)(B)(i),(ii)." *Pace v. Waterbury Police Dep't*, No. 3:17CV00426(DJS), 2017 WL 1362683, at *1 (D. Conn. Apr. 12, 2017). "An action is 'frivolous' for § 1915(e) purposes if it has no arguable basis in law or fact." *Montero v. Travis*, 171 F.3d 757, 759 (2d Cir. 1999).
>
> Even if a *pro se* Plaintiff's pleading fails to state a claim and therefore warrants dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court should ordinarily allow at least one opportunity to amend. *See, Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999) ("[T]he court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated. . . .

[A] *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.") (citation omitted).

Here, based upon Plaintiff's sworn motion to proceed *in forma pauperis*, the Court determines that she is indigent, and therefore unable to pay the filing fee. Accordingly, the Court grants the application for leave to proceed *in forma pauperis* [#2].

Next, as noted earlier, under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial screening of Plaintiff's complaint, to determine whether it is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *See*, 28 U.S.C. § 1915(e)(2). Having done so, the Court concludes that the pleading presently fails to state any actionable claim.

Liberally construing the *pro-se* drafted Complaint to raise the strongest arguments that it suggests, the pleading baldly asserts that the U.S. Postal Service is interfering with Plaintiff's court-related mail. The gist of the claim seems to be that the Appellate Division Third Department claims that it did not receive something that Plaintiff believes she mailed, and Plaintiff therefore concludes that the Postal Service prevented the mail from being delivered. However, the Complaint [#1] does not allege any facts to make that theory seem plausible. Consequently, the Complaint fails to state a claim for which relief may be granted, and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, the Court will allow Plaintiff an opportunity to file an amended complaint.

***

For the reasons set forth above, Plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless she files an Amended Complaint by **April 13, 2018,** in which she pleads actionable claims.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior Complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556

F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978*); see also Shields v. Citytrust Bancorp*, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, Plaintiff's Amended Complaint must include all of her allegations against the Defendant so that the Amended Complaint may stand alone as the sole Complaint in this action which the Defendant must answer.

Decision and Order [#3].

The practice in this District is that when a district court issues such an order, and the Plaintiff complies with the direction to file an Amended Complaint, the Court then evaluates the amended complaint to see whether it complies with 28 U.S.C. § 1915(e), or whether it, too, should be dismissed. If the amended complaint passes muster, the Court next typically orders that the summons and amended complaint be served on the defendant. That did not happen here. Instead, a number of things occurred that were not directed or envisioned by the Court's Decision and Order. First, Plaintiff filed a number of documents, captioned as "Affidavits of Service" or "Affidavits of Acknowledgment" (Docket Nos. [#4][#5][#6][#7][#8]). Docket No. [#4] appears to indicate that Plaintiff filed her Complaint and Motion to Proceed In Forma Pauperis on a number of entities, whom she lists as her "adversaries" with regard to her "workers compensation claim/appeal," though they are not listed in the caption of this action. The affidavit does not explain why Plaintiff felt the need to serve these persons, or why she filed the affidavit in this Court.

Docket No. [#5], which is captioned as an "affidavit of acknowledgment," is a four-page document which, in addition to unnecessarily "acknowledging" receipt of the Court's Decision and Order, alleges further mail tampering by the U.S. Postal Service involving Plaintiff's appeal pending before the Appellate Division. The affidavit then spends almost

two pages repeating the allegations of a conspiracy that were set forth in the Complaint. However, the affidavit expands the alleged conspiracy to involve a variety of new contexts, including "all forms of weaponry," "garments [and] all electronic and wifi devices," to name a few. The affidavit reiterates that the retaliation is being conducted by Plaintiff's aforementioned "adversaries."

Docket No. [#6] is captioned as a "Revised Affidavit of Service." The purpose of the document is unclear from its face. The document appears to be the first page of the affidavit filed as Docket No. [#4], with the addition of the words, "Revised Add Party – United States Attorney's Office, 138 Delaware Ave Buffalo NY 14202."

Docket No. [#7] is also captioned as an Affidavit of Service, and appears to be swearing to the fact that Plaintiff served her "four page handwritten affidavit of acknowledgment," by certified mail and hand delivery, on various entities including this Court, the United States Marshal, the United States Postal Service, and the United States Attorney for the Western District of New York.

Docket No. [#8] is captioned as an "Affidavit of Service," and appears to be the same document filed as Docket No. [#7], except that a portion of it is written in blue ink, as opposed to black ink.

On April 11, 2018, Plaintiff filed an Amended Complaint [#9]. In it, Plaintiff once again alleges that the Postal Service is "obstructing" her "in-coming and outgoing mails connected to Worker's Compensation Appeal and SSDI." The pleading alleges that the Postal Service is obstructing her mail, since the Postal Service has "yet to deliver" certain mail that she is expecting. As for particulars, Plaintiff indicates that in August 2017, she received decision from the Worker's Compensation Panel that had been filed on May 5,

2017. Further, the pleading alleges that in July 2017, Plaintiff mailed a document pertaining to her social security disability claim by certified mail, but never received the certified mail return receipt. Further, the pleading alleges that in August 2017, the Postal Service delivered to her a piece of mail from the New York Secretary of State that had allegedly been mailed to her on June 30, 2017. Further, the pleading alleges that since April 2017, she has sent a number of letters by certified mail to various governmental offices, but has not received certified mail return receipts. Finally, the pleading alleges that at some unspecified point in time, the Postal Service "held" a package that had been sent to her by Macy's for four months before it was delivered. Strangely, next to her written descriptions of each alleged instance of mail tampering, Plaintiff has placed her fingerprint in red ink.

Subsequent to Plaintiff filing the Amended Complaint, she filed various additional "affidavits" and "exhibits," some of which appear to be duplicates of items that she previously filed. (Docket Nos. [#10][#11]). However, these exhibits were not filed by April 13, 2018, as required by the Court's Decision and Order [#3], and in any event they are irrelevant to the Court's review under 28 U.S.C. § 1915(e). Additionally, Plaintiff filed a "Motion for Summary Judgment" [#12] that is obviously premature, since the Court has never indicated that her lawsuit may proceed under 28 U.S.C. § 1915(e). The "summary judgment" motion indicates that the undersigned's Courtroom Deputy is "denying access" to Plaintiff by refusing to "schedule a court date." Plaintiff has also filed additional motions [#13][#15] similar to the summary judgment motion, again seeking "a court date." In these motions, Plaintiff asserts that the Postal Service has defaulted in responding to her "claim."

On June 14, 2018, the United States of America filed a motion to be substituted in

place of the Postal Service, and for dismissal of the Amended Complaint. The application contends, in pertinent part, that the Amended Complaint fails to state a plausible claim. The Court views this application, too, as being premature since it was filed before the Court finished its review of the Amended Complaint under 28 U.S.C. § 1915(e).

In addition to the foregoing filings, between May 2018 and the present, Plaintiff has besieged the Court's chambers, multiple times per week, with a variety of mailed letters and faxes. For example, the Court has received letters /faxes from Plaintiff dated May 14th, May 18th, May 21st, June 1st, June 4th, June 6th, June 10th, June 14th, June 20th, June 25th, June 30th, July 5th, July 9th, July 11th, July 12th, July 19th and July 24th. The letters and faxes, when stacked upon each other, are approximately an inch in height. It seems that this lawsuit has become a fixation for Plaintiff. However, because of the procedural posture of the case the faxes and letters serve no useful purpose, and the effort to prepare them was therefore a complete waste of Plaintiff's time. Plaintiff has also telephoned the Court's chambers and advised the Court's Courtroom Deputy that she needs to learn how to perform her job. Plaintiff's conduct in this regard has clearly been inappropriate and abusive towards the Court's staff.

## DISCUSSION

"The determination of whether an *in forma pauperis* plaintiff should be permitted to proceed under 28 U.S.C. § 1915 involves two separate considerations. The Court must first determine whether the plaintiff may proceed with the action without prepaying the filing fee in full. *See* 28 U.S.C. § 1915(a)[.] Second, section 1915 provides that 'the court shall dismiss the case at any time if the court determines that' the case 'is frivolous or malicious' or 'fails to state a claim on which relief may be granted[.]' 28 U.S.C. § 1915(e)(2)(B)(i),(ii)."

*Pace v. Waterbury Police Dep't*, No. 3:17CV00426(DJS), 2017 WL 1362683, at *1 (D. Conn. Apr. 12, 2017). "An action is 'frivolous' for § 1915(e) purposes if it has no arguable basis in law or fact." *Montero v. Travis*, 171 F.3d 757, 759 (2d Cir. 1999).

"Even a well-pleaded complaint may be dismissed as factually frivolous if the sufficiently well-pleaded facts are clearly baseless—that is, if they are fanciful, fantastic, or delusional." *Igarashi v. Skulls & Bones*, 438 F. App'x 58, 2011 WL 4907286 (2d Cir. Oct. 17, 2011) (*quoting Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir.2011) (internal quotation marks omitted).

Liberally construing Plaintiff's submissions, she blames the U.S. Postal Service and other "adversaries" for a vast conspiracy against her and her children that involves poisoning of food, electronic surveillance and gunshots. Such allegations are "fanciful, fantastic or delusional," and are highly suggestive of paranoia and mental instability. Putting aside the allegations regarding the conspiracy, the allegations of targeted tampering with Plaintiff's legal mail clearly fail to plausibly state a claim on which relief may be granted. The Amended Complaint fails to pass muster under 28 U.S.C. § 1915(e)(2)(B).

Even where a *pro se* Plaintiff's pleading fails to state a claim and therefore warrants dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court should ordinarily allow at least one opportunity to amend. *See, Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999) ("[T]he court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated. . . . [A] *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal

for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.") (citation omitted). Here, the Court has already given Plaintiff an opportunity to amend, and there would be no point in allowing a further opportunity to do so since her allegations cannot possibly be re-packaged to state actionable claims.

## CONCLUSION

This action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)&(ii). The Clerk of the Court is directed to close this action. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:  Rochester, New York
        July 25, 2018          ENTER:


                               */s/ Charles J. Siragusa*
                               CHARLES J. SIRAGUSA
                               United States District Judge